No. 27,102.

ELIZABETH HOLMES, *Appellant,* v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of the KANSAS CITY RAILWAYS COMPANY, *Appellees.*

SYLLABUS BY THE COURT.

CARRIERS — *Liability for Injuries Inflicted by Fellow Passenger — Evidence.* The evidence considered, and held to be sufficient as against a demurrer to warrant an inference of liability on the part of a carrier for damages sustained by a passenger on account of injuries inflicted by a fellow passenger.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed February 12, 1927. Reversed.

*A. J. Herrod,* of Kansas City, for the appellant.

*E. S. McAnany, Maurice L. Alden, Thomas M. Van Cleave* and *Clyde C. Glandon,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a passenger on a street car to recover from the carrier damages resulting from repeated battery inflicted by a fellow passenger. A demurrer was sustained to plaintiff's evidence, and she appeals.

After plaintiff entered the car she remained standing until a passenger who was leaving the car vacated a place where she might sit next to the aisle on a seat occupied by a man sitting next to the window. When she was about to sit down, the man told her she could not sit there. She sat down, and the man struck her, knocking her across the aisle. She got up, went bank, and sat down. The man struck her again with his fist. The blow knocked off her spectacles and hat, and drove her across the aisle. She got up, went back to sit down, and the man struck her the third time. The conductor stood facing plaintiff, only eight feet away, and no one was in the aisle between the conductor and plaintiff. On cross-examination, plaintiff was led to say the blows came pretty fast, just as quickly as she could get back and sit down. She testified, however, that after she had been knocked down the third time, the conductor came forward, took hold of her, and said he would call a policeman, but said nothing to the man who had been striking her. When the con-

Carriers, 10 C. J. pp. 900 n. 38, 901 n. 41, 904 n. 58, 1065 n. 65; 2 L. R. A. n. s. 105; 32 L. R. A. n. s. 1206; L. R. A. 1918F, 555; 15 A. L. R. 868; 4 R. C. L. 1181.

ductor did this, a passenger who was apparently in sympathy with plaintiff, arose and said to the conductor that the conductor had seen what was going on all the time. The conductor took this passenger away from plaintiff, and the man who had objected to plaintiff's presence in the seat soon left the car.

Whether a gentleman may beat a lady with his fists until she succumbs to what he conceives is her place on a street car, is regarded by some as a personal question touching the gentleman's dignity and self-respect, and not subject to animadversion by others. Since it is not obliged to do so, the court refrains from discussing the question. The court is obliged, however, to censure the conduct of the street-car conductor. The law required him to exercise diligence to protect passengers from unprovoked assault and battery by fellow passengers. The jury would have been authorized to infer the conductor did know all the time just what was going on and what the cause of the trouble was, and if he knew, or should have known, that under the circumstances assertion or reassertion of plaintiff's privilege to occupy a vacant seat would result in a passenger using force against her, it was the conductor's duty to protect her.

The judgment of the district court is reversed, and the cause is remanded with direction to grant a new trial.